STATE OF NORTH CAROLINA v. JAMES WILLIAM JACOBS, Defendant

No. COA09-762

(Filed 2 February 2010)

**1. Appeal and Error— issue not preserved for appellate review—failure to object**

In a felony breaking or entering a motor vehicle prosecution, defendant waived his objection to the admission of a copy of the vehicle's registration, offered to prove ownership of the vehicle and the owner's lack of consent to defendant's breaking or entering the vehicle, by failing to object to other evidence admitted for the same purpose. The evidence was sufficient to submit the element of lack of consent to the jury.

**2. Sentencing— prior record level—proof of prior convictions**

The trial court erred in finding defendant to be a level VI offender for felony sentencing purposes because the State's submission of a Felony Sentencing Worksheet did not meet the requirements of N.C.G.S. § 15A-1340.14(f) for proving a defendant's prior convictions and defendant did not stipulate to the convictions listed on the worksheet.

Appeal by defendant from judgment entered 28 January 2009 by Judge Jesse B. Caldwell, III in Mecklenburg County Superior Court. Heard in the Court of Appeals 18 November 2009.

*Attorney General Roy Cooper, by Special Deputy Attorney General T. Lane Mallonee, for the State.*

*Kimberly P. Hoppin for defendant-appellant.*

STEELMAN, Judge.

When defendant failed to object to evidence admitted at trial, he cannot argue that it was error to admit such evidence for the first time on appeal. The State presented sufficient evidence to submit the felony of breaking or entering a motor vehicle to the jury. Submission of a felony sentencing worksheet to the trial court does not meet the requirements of N.C. Gen. Stat. § 15A-1340.14(f), and thus, the State failed to produce before the trial court sufficient proof of defendant's prior convictions.

## I.  Factual and Procedural History

In order to combat auto theft in a pro-active manner, the Charlotte-Mecklenburg Police Department uses "bait" vehicles. One such vehicle was a 1993 Toyota 4-Runner, which was specially equipped so that the engine could be left running, but the transmission was locked so that a thief could not drive the vehicle away.

On 27 February 2008, Detective Matt Pitcher (Detective Pitcher) drove the Toyota to the parking lot of the Days Inn on West Sugar Creek Road in Charlotte and went into the hotel office. The vehicle was left running. The Toyota was watched by Officer Staton Fischbach (Officer Fischbach) from a "take-down van." Officer Fischbach observed James William Jacobs (defendant) approach the Toyota, look inside the vehicle, and carefully look around the area. Defendant got into the vehicle and made twenty-five to thirty unsuccessful attempts to jerk the vehicle into the drive gear.

Defendant was arrested and charged with the felony of breaking or entering a motor vehicle, and with having attained the status of habitual felon. On 28 January 2009, a jury found defendant guilty of breaking or entering a motor vehicle and of being an habitual felon. The trial court found defendant to be a felony level VI and imposed an active sentence of 160 to 201 months imprisonment.

## II. Sufficiency of Evidence on Element of Lack of Consent

**[1]** In his first argument, defendant contends that the trial court erred in admitting into evidence a photocopy of the Toyota's registration over defendant's objection. In his second argument, he challenges the sufficiency of the State's evidence to submit the case to the jury as to the element of lack of consent. We disagree. Because these two arguments are inexorably intertwined, we address them together.

Defendant argues that the admission of the photocopy of the Toyota's registration card violated the "best evidence rule." N.C. Gen. Stat. § 8C-1, 1002 (2007). He further argues that the registration card was inadmissible hearsay as to the ownership of the Toyota. Without this evidence, defendant asserts that the State failed to produce sufficient evidence of an essential element of the felony of breaking or entering a motor vehicle—that the breaking or entering was without the consent of the owner.

We first note that the photocopy of the Toyota's registration card was not the only evidence presented at trial by the State on the ownership of the vehicle and the owner's lack of consent to the breaking or entering by defendant. Sergeant Richard Tonsberg, head of the Auto Theft Unit of the Charlotte-Mecklenburg Police Department, testified that the Toyota was donated to the City of Charlotte by an insurance company, and it was owned by the City of Charlotte. Officer Fischbach testified that the Toyota was owned by the City of Charlotte, and it had not consented to defendant's breaking and entering the vehicle. Detective Pitcher, the person who operated the vehicle on the date in question, testified that he had no contact with defendant, and thus could not have consented to defendant's actions. Further, the very nature of the operation conducted on 27 February 2008 gives rise to an inference that the owner of the vehicle did not consent to defendant's conduct. Defendant objected on grounds of relevancy as to the portion of Sergeant Tonsberg's testimony concerning ownership of the "bait" vehicle, but defendant did not object to any of the other testimony.

In order to preserve a question for appellate review, a party must have presented the trial court with a timely request, objection or motion, stating the specific grounds for the ruling sought if the specific grounds are not apparent. N.C.R. App. P. 10(b)(1) (2007). Appellate courts "will not consider arguments based upon matters not presented to or adjudicated by the trial court." *State v. Haselden,*

357 N.C. 1, 10, 577 S.E.2d 594, 600 (2003) (citing *State v. Eason*, 328 N.C. 409, 420, 402 S.E.2d 809, 814 (1991)), *cert. denied*, 540 U.S. 988, 157 L. Ed. 2d 382 (2003). While defendant did object to Sergeant Tonsberg's testimony as to ownership of the vehicle, he did not object to Officer Fischbach's testimony as to ownership of the vehicle. "It is well established that the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character." *State v. Campbell*, 296 N.C. 394, 399, 250 S.E.2d 228, 231 (1979) (citations omitted). Thus, defendant's objection to Sergeant Tonsberg's testimony is deemed waived.

The above-recited testimony was sufficient to submit the element of lack of consent to the jury, even excluding the photocopy of the Toyota's registration. It is therefore unnecessary for us to address defendant's arguments concerning the best evidence rule and hearsay. Defendant attempts on appeal to raise constitutional issues in connection with his first argument. These issues were not raised before the trial court and cannot be raised for the first time on appeal. N.C.R. App. P. 10(b)(1); *State v. Walters*, 357 N.C. 68, 85, 588 S.E.2d 344, 354 (2003) (citations omitted), *cert. denied*, 540 U.S. 971, 157 L. Ed. 2d 320 (2003). The constitutional argument is not preserved and is dismissed.

Defendant's first and second arguments are without merit.

### III. Sentencing Defendant as a Prior Record Level VI

**[2]** In his third and fourth arguments, defendant contends that the trial court erred in finding him to be a level VI for purposes of felony sentencing. We agree. These sentencing arguments are addressed together.

At felony sentencing hearings, the "State bears the burden of proving, by a preponderance of the evidence" the prior convictions of defendant by any of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

N.C. Gen. Stat. § 15A-1340.14(f) (2007).

In the instant case, the prosecutor submitted a Felony Sentencing Worksheet (AOC-CR-600) to the trial court and read the convictions shown thereon. There was no stipulation, either in writing on the worksheet or orally by defendant. The prosecutor failed to submit to the trial court any of the documentation described in N.C. Gen. Stat. § 15A-1340.14(f)(2) and (3). No other material was submitted to the trial court pursuant to subsection (4). The worksheet showed forty-two prior record points. Defendant acknowledged at the sentencing hearing that he had been found to be an habitual felon on two prior occasions.

The appellate courts of this State have repeatedly held that the submission of a felony sentencing worksheet to the trial court does not meet the requirements of N.C. Gen. Stat. § 15A-1340.14(f). *State v. Alexander*, 359 N.C. 824, 827, 616 S.E.2d 914, 917 (2005); *State v. Spellman*, 167 N.C. App. 374, 392, 605 S.E.2d 696, 707 (2004) (quoting *State v. Riley*, 159 N.C. App. 546, 557, 583 S.E.2d 379, 387 (2003)), *appeal dismissed and disc. review denied*, 359 N.C. 325, 611 S.E.2d 845 (2005); *State v. Eubanks*, 151 N.C. App. 499, 505, 565 S.E.2d 738, 742 (2002) (citation omitted). The mere recitation of the convictions shown on the worksheet into the record does not meet any of the requirements set forth in N.C. Gen. Stat. § 15A-1340.14(f). Following the above-noted decisions of the appellate courts, the Administrative Office of the Courts amended form AOC-CR-600 in October 2005 to include signature lines for the prosecutor and either the defendant or defense counsel to acknowledge their stipulation as to defendant's prior conviction and felony sentencing level. Unfortunately, this change to the sentencing worksheet seems to have gone largely unnoticed at felony sentencing hearings.

It is the responsibility of the State to attempt to procure a stipulation from defendant as to defendant's prior convictions and record level. If defendant refuses to so stipulate, then it is incumbent upon the State to produce before the trial court proof of defendant's prior convictions pursuant to N.C. Gen. Stat. § 15A-1340.14(f)(2), (3), or (4). In the absence of such proof, as in the instant case, the appellate courts must remand the case for resentencing.

NO ERROR AS TO TRIAL, REMANDED FOR RESENTENCING.

Judges McGEE and STEPHENS concur.